UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Donald Wayne Gay, #244300, | ) C/A No. 3:12-1728-CMC-JRM |
|---|---|
| Petitioner, | ) |
| v. | ) **Report and Recommendation** |
| Warden McCall, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner is serving a life sentence for murder. His conviction was entered in the Court of General Sessions for Richland County on September 26, 1997, in Case No. 96-GS-40-10472. Petitioner indicates that his conviction and sentence were affirmed, on direct appeal, by the Supreme Court of South Carolina on February 1, 2001. Petitioner indicates that he has a pending application for post-conviction relief (Case No. 2012-CP-40-1540).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The review[1] has been conducted

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and
(continued...)

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In *Donald Gay v. Anthony Padula, Warden of Lee C. I.*, Civil Action No. 3:07-4006-CMC-JRM, Petitioner on December 13, 2007,[2] brought a habeas corpus action to challenge his conviction and life sentence for murder. In an order filed in Civil Action No. 3:07-4006-CMC-JRM, on December 26, 2007, the undersigned directed the respondent to file an

---

(...continued)
recommendations to the District Court.

[2]A prior habeas corpus action, *Donald Gay v. State of South Carolina, et al.*, Civil Action No. 3:07-2623-CMC-JRM, was dismissed *without prejudice* because Petitioner did not bring the case into "proper form." Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).

2

answer or return. The respondent filed a return, memorandum, and motion for summary judgment on February 15, 2008.

The undersigned on February 21, 2008, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner responded to the *Roseboro* order by filing a motion to withdraw petition and a motion to alter/amend petition. In a Report and Recommendation filed in Civil Action 3:07-4006-CMC-JRM on August 6, 2008, the undersigned recommended that the respondent's motion for summary judgment be granted and that Petitioner's motion to alter/amend be denied.

The parties in Civil Action No. 3:07-4006-CMC-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. After receiving an extension of time, Petitioner on September 8, 2008, filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 3:07-4006-CMC-JRM on September 10, 2008, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation, denied Petitioner's motion to alter/amend, granted summary judgment to the respondent, and dismissed the case *with prejudice*. No appeal was filed in Civil Action No. 3:07-4006-CMC-JRM.

This court may take judicial notice of Civil Action No. 3:07-4006-CMC-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding

that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'"), ( citing *Aloe Creme Labs., Inc.*, 425 F.2d at 1296).

To qualify as "successive" petition, a prior petition must have been adjudicated on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000); *see also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 3:07-4006-CMC-JRM was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 3:12-1728-CMC-JRM) is successive.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.

4

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

### *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that

5

the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

July 30, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).